[No. 3655.]

G. W. Baldwin v. The State.

1. Occupation Tax—Indictment.—"The Illustrated Police News" and "The Police Gazette" are publications specially enumerated in the statute (Art. 4675, Gen. Laws 17 Leg., Special Sess., p. 18), as among those the sale of which cannot be pursued as an occupation without the payment of the tax levied therefor, and it was not necessary that the indictment should further describe them than by name.

2. Constitutional Law.—Quære, whether the courts of this State can go behind a statute which is valid upon its face, and inquire into the particular authority by virtue of which it was enacted?

3. Same—Legislative Power, except where the Constitution has imposed limits upon it, is practically absolute. And where limitations upon it are imposed, they are to be strictly construed, and are not to be given effect as against the general powers of the Legislature, unless such limitations clearly inhibit the act in question.

4. Same.—The Rule of Statutory Construction is otherwise correctly stated as follows: "If the act itself is within the scope of legislative authority, it must stand, and we are bound to make it stand if it will upon any intendment.  *  *  *  Nothing but a clear violation of the Constitution, a clear usurpation of power prohibited, will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void."

5. Same.—In this case it is urged that the Act of May 4, 1882 (Art. 4665, *supra*), levying an occupation tax upon persons who engage in the sale of the "Illustrated Police News" and the "Police Gazette," etc., is unconstitutional, and in violation of Section 40, Article 3, of the Constitution of this State, in that it was enacted at a special session, and was not designated by the Governor as a subject of legislation for which the Legislature was convened in special session. *Held*, that this objection to the constitutionality of the Act of May 4, 1882, is not well taken. The proclamation of the Governor convening the Legislature in special session announced the purpose, among others, "to reduce the taxes, both ad valorem and occupation, so far as it may be found consistent with the support of an efficient State government." The purpose so announced embraced the whole subject of taxation, and authorized any and all such legislation upon that subject as was deemed necessary by the Legislature. See the opinion *in extenso* on the question.

Appeal from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The conviction in this case was for pursuing the occupation of selling the Illustrated Police News and the Police Gazette with-

out having first paid the tax levied upon such occupation. The penalty assessed by the verdict was a fine of seven hundred and fifty dollars.

*W. W. Walling* and *Brenneman & Bergstrom* filed an able brief and argument for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. It is charged in the indictment that the defendant pursued and followed the occupation and business of selling and offering for sale the Illustrated Police News and the Police Gazette, without first paying the tax upon such occupation, etc. Defendant excepted to the sufficiency of the indictment, because it did not allege that the papers sold or offered for sale were illustrated papers. This exception was properly overruled. The Illustrated Police News and the Police Gazette are papers which are specifically named in the statute, and it was therefore not necessary to further describe them in the indictment. If the prosecution had been for selling or offering to sell a publication not specifically named in the statute, but of like character with those so named, then it would have been essential to allege in the indictment the character of such publication, and that it was illustrated. (Art. 4665, Genl. Laws, 17 Leg., Special Sess., p. 18.)

It is contended by counsel for defendant that the section of the Article of May 4, 1882, which levies an occupation tax upon persons who engage in the sale of the Illustrated Police News, Police Gazette, etc., (Genl. Laws, 17 Leg., Special Sess., p. 18; Art. 4665,) is unconstitutional, because it was enacted at a special session of the Legislature, without authority, in that the Governor did not, by his proclamation convening said Legislature, nor by any other means, designate or present to said Legislature, as a subject for legislation, the tax in question, and that therefore the law levying said tax is without authority, and was enacted in violation of section 40, Article 3 of the Constitution, which reads as follows: "When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor."

This court is asked to declare that the Legislature, in enacting

the law in question, acted without authority, in violation of the mandatory provision of the Constitution above quoted. It is a question well worthy of serious consideration, whether a court in this State can go behind a statute which is valid upon its face, and inquire into the particular authority by virtue of which it was enacted. (Usener v. The State, 8 Texas Ct. App., 177; Ry. Co. v. Hearne, 32 Texas, 546; Blessing v. Galveston, 42 Texas, 641.) We will not now determine this question, as it is not necessary to a final disposition of the case that we should do so.

We will concede, for argument sake only, that it is within the power of this court, and its duty likewise, to examine in to and determine the authority of the Legislature to enact the law. Looking, then, to the proclamation of the Governor convening the Legislature, we are clearly of the opinion that it confers such authority. One of the purposes of convening the Legislature in special session is stated in said proclamation to be, "to reduce the taxes, both ad valorem and occupation, so far as it may be found consistent with the support of an efficient State government." This, it seems to us, embraces the whole *subject of taxation,* and authorizes any and all such legislation upon that subject as may be deemed necessary by the Legislature. To so legislate as to *reduce the taxes,* and at the same time *provide for the support of an efficient State government,* in our opinion, includes the power to levy taxes upon property and occupations not before taxed. It might be wholly impracticable to accomplish a *reduction* of taxes and at the same time maintain the State government, without the exercise of such power. All the Governor could properly do was done. He called the attention of the Legislature to the *subject* upon which, in his opinion, legislation was desired. That subject was *taxation.* It was not necessary, nor would it have been proper for him, in his proclamation, to have suggested in detail the legislation desired. It was for the Legislature to determine what the legislation should be.

Legislative power, except where the Constitution has imposed limits upon it, is practically absolute. And where limitations upon it are imposed, they are to be strictly construed, and are not to be given effect as against the general power af the Legislature, unless such limitations clearly inhibit the act in question. (Cooley's Con. Lim., 204.)

It was said in Railroad Company v. Riblette, 66 Pennsylvania State, 164: "If the act itself is within the scope of legislative

authority, it must stand, and we are bound to make it stand, if it will, upon any indictment. * * * Nothing but a clear violation of the Constitution, a clear usurpation of power probibited, will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void." (See also Cooley's Con. Lim., 223.)

We think a fair, reasonable, and correct construction of the proclamation authorized the legislation in question. Both the Legislature and the Governor must have so construed the proclamation, or the law would not have been enacted or approved.

We have found no error in the conviction, and the judgment is affirmed.

*Affirmed.*