## SAM DAVIS v. THE STATE.

### No. 24166. December 1, 1948.

Hon. J. R. Fuchs, Judge Presiding.

*C. C. Jopling,* of La Grange, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction upon his plea of guilty before the court to a charge alleging that appellant did utter, publish, pass, and use as true a forged instrument. The penalty assessed is five years in the penitentiary.

Appellant plead guilty to the court, waiving a jury, and asked for a suspended sentence. The court heard the evidence produced by the State at great length, as well as that in behalf of the appellant. At the conclusion of the trial the court refused to suspend the sentence.

At the proper time a motion was filed seeking to quash the indictment. Several grounds are alleged but we do not consider it necessary to discuss them all. The prosecution is under Article 1008, Vernon's Ann. Penal Code, and that section thereof which includes "any instrument in writing * * * having any connection with land." The instrument here involved is a will which describes definitely a tract of land in Fayette County. It is purported to be dated March 4, 1916, and signed by John Hunter. It bears the names of Louis Scott and Tom Shelton as witnesses. The evidence shows that the testator and the two witnesses are dead. The evidence introduced is amply sufficient to support the plea of guilty, as is provided for felony cases in which a jury is waived and the plea heard by the court.

The most serious contention made by appellant is that the instrument described in the indictment is not one which is the subject of a charge of forgery in that there is no allegation that it had been probated, without which it is claimed it is not effective for any purpose. Article 1008 specifically enumerates a great number of instruments and does not name a will but says "any instrument in writing." The indictment contains a copy of an instrument in writing and it definitely has connection with land, because it describes the tract of land conveyed. In this we think the indictment complies with the requirements of law.

The language used in the exception filed to the indictment, as well as the authorities cited, indicate that appellant was relying on Huckaby v. State, 45 Tex. Cr. R. 577, 78 S. W. 492. That case did hold in accordance with the contention made in the instant case. The opinion was written in 1904. In 1919, the Legislature passed an act, with an emergency clause, specifically making the forgery of a will an offense. Chapter 72, Acts 1919, p. 119. This is brought forward in the 1925 codification of the Penal Code as Article 980. Since the effective date of this enactment reliance could not be had on the holding of the Court in the Huckaby case. The will does not have to be probated to make it the subject of forgery. As stated above, the instrument alleged and proven in the case now before us to be a forged will by its terms affected the title to real estate, as denounced in

Article 1008 of the Penal Code. The State properly elected to prosecute under this article.

It is further presented that the indictment is defective in that it alleges he had filed the will with the County Clerk for probate. Objection is made to the word "filed" because the statute does not use that particular word. We think this is hypercritical. The statute does provide for the presenting of the will for probate and that through the County Clerk. The indictment alleges this act and for the purpose of having it probated. This procedure calls for a filing of the will with the clerk, whether the statute uses that particular language or not.

Other objections to the indictment contained in the motion will not require discussion. We think all requirements of law are met.

Finding no reversible error, the judgment of the trial court is affirmed.