**Clyde PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37966.

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 14, 1965.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Robert C. Floyd, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is carrying a pistol; the punishment, sixty (60) days confinement in the County Jail.

According to the testimony of both Houston Police Officer C. H. Wright, and of appellant, who testified in his own behalf, appellant was arrested by Officer Wright about a block from a house where he claimed that he lived, and had a pistol protruding from one of his trousers' pockets at the time of his arrest. Appellant said it was a back pocket. The officer said it was a front pocket. Appellant's theory was that he had the gun at 4618 Redbud, which was his residence, in Houston, Harris County, Texas; that there was a tussle over the gun at that address and it was discharged; that he left the house and went to call police, the gun being in his pocket when he went; that he was on his way back to the house at the time he was arrested. He identified as the pistol, which he was carrying at the time of his arrest, a .38 revolver which the police officer had also identified as the pistol appellant was carrying at the time of his arrest.

Lee Esther Curtis, a woman, testified, for the defense, that she called the police. She lived at 4618 Redbud, the house which appellant had testified was his residence. It was her testimony that appellant "sometimes" lives there with her; that she called the police; that appellant left the house but she did not know whether he went to call the police or not, or whether he intended to return to the house; that he was out in the street in front of her house at the time he was arrested, and that he probably kept the gun at the house "some".

Appellant testified that it was his intention to turn the gun over to the police, and he had the gun with him for that purpose.

The arrest occurred at 9:45 P.M.

Appellant contended in his oral motion for judgment of acquittal that since he claimed he left the house where his pistol had been discharged in a tussle for the purpose of telephoning police, and took his pistol with him with the intention of surrendering it, he was not guilty of the offense of carrying a pistol.

Whether this set of facts, if believed, would comprise an exception to the prohibition of Article 484, Vernon's Ann. P.C., is immaterial because the trial judge is not required to believe the defendant's testimony as to his reason for carrying the pistol, even if it is not controverted. Hutspeth v. State, 158 Tex.Cr.R. 188, 254 S.W. 2d 130; Allen v. State, 158 Tex.Cr.R. 666, 259 S.W.2d 225; Linsey v. State, 161 Tex. Cr.R. 599, 279 S.W.2d 862, all pistol carrying cases tried to the Court.

We find the evidence sufficient to sustain the judgment of conviction. No error appearing, the judgment is affirmed.