**Carl Kelly GIACONA, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 23925.

United States Court of Appeals
Fifth Circuit.

May 4, 1967.

Jack P. Kelso, Corpus Christi, Tex., for appellant.

Dunklin Sullivan, Asst. Atty. Gen., Waggoner Carr, Atty. Gen., of Texas, Howard M. Fender, Asst. Atty. Gen., Charles B. Swanner, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

The defendant seeks a writ of habeas corpus on the ground that the state trial court's application of the Texas habitual criminal statute setting a punishment of life imprisonment for a third felony conviction amounted to a denial of due process under the Fourteenth Amendment.

The indictment charged the defendant with the possession of marijuana. Vernon's Ann.P.C. art. 63 provides that "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be impris-

oned for life in the penitentiary". For purposes of enhancing the defendant's punishment under Art. 63, the indictment also alleged that the defendant had previously been convicted for two other narcotics violations.

The defendant made a timely motion to have the primary offense tried separately from the question of the existence of the prior convictions, but the motion was denied. At the trial, the entire indictment was read to the jury including the part alleging the prior convictions, and certified copies of the judgments were received into evidence. In accepting the judgments into evidence, the trial court judge was careful to caution the jury that the prior convictions should not be confused with the question of the defendant's guilt under the primary offense, and that those convictions should in no way influence the jury in making their determination as to whether the defendant was guilty or innocent. The jury found the defendant guilty of the primary charge and also found that he was the same person who twice previously had been convicted of felonies.

The issue raised by this case has been settled by the Supreme Court in its recent decision in Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, decided subsequent to the bringing of this appeal. There the Court held that although alternative procedures available to the trial court might have established even greater protection for the defendant, in view of the limiting instructions given to the jurors the procedure challenged by the defendant in this case was not so unfair as to amount to a violation of due process. Under the authority of *Spencer*, therefore, we affirm.

GODBOLD, Circuit Judge (specially concurring):

If we were writing on a new slate I could not join in affirmance. Reluctantly I do so because the matter has been settled by the Supreme Court in Spencer v. State of Texas. In my view the dissenters in *Spencer* are correct. In time our jurisprudence will come to recognize

that the prejudicial effect of evidence of prior convictions must, for all purposes, be tempered by inquiry into whether alternative and non-prejudicial means are available to achieve the same evidentiary purpose. Curative instructions to the jury may be the only available tool if the evidentiary purpose cannot be attained by any reasonable alternative. If there is an available and reasonable alternative this "unmitigated fiction"[1] is not enough to satisfy constitutional standards.

1. "The naive assumption that prejudicial effects can be overcome by instructions to the jury, * * * all practicing lawyers know to be unmitigated fiction."

Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790, 799 (1949) (Mr. Justice Jackson, concurring).