**Johnny REYNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44714.**

Court of Criminal Appeals of Texas.

March 15, 1972.

————◆————

Jones, Francis & Youts by Dan Francis, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., and Frank M. Fitzpatrick, Jr., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from the conviction for unlawfully carrying a pistol on premises "covered by a permit or license issued under the Texas Liquor Control Act." See Article 483, Vernon's Ann.P.C.

The sufficiency of the evidence is not challenged. Suffice it to say the evidence reflects that on the night of July 18, 1970, the appellant, while in the Tampico Lounge in the City of Waco, pulled out a pistol and shot three persons.

■ At the outset, appellant complains the court erred in failing to quash the indictment contending that the 1968 Amendment to Article 483, supra, (Acts 1968, 60th Leg., 1st C.S., ch. 3, § 1, p. 11, effective July 19, 1968), was unconstitutional as violative of Article III, § 40,[1] and Article IV, § 8,[2] of the State Constitution, Vernon's Ann.St. The particular contention is that the 1968 Amendment was enacted at a special session and that the subject matter of the statute exceeded the scope of the Governor's Proclamation convening the special session thereby contravening the aforementioned constitutional provisions.

We do not understand the appellant to contend that the 1968 Amendment, regular

1. Said Article III, § 40, reads as follows:
   "When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor; and no such session shall be of longer duration than thirty days."

2. Said Article IV, § 8, provides:
   "The Governor may, on extraordinary occasions, convene the Legislature at the seat of Government, or at a different place, in case that should be in possession of the public enemy or in case of the prevalence of disease thereat. His proclamation therefor shall state specifically the purpose for which the Legislature is convened."

on its face, was not duly signed, authenticated, approved and filed but merely exceeded the scope of the Governor's Proclamation.

In City of Houston v. Allred, 123 Tex. 334, 71 S.W.2d 251, at 257, the Supreme Court of Texas wrote in 1934 that

". . . It is now the settled law of this state that the courts will not go behind such a record to ascertain if the subject-matter of legislation enacted by a special session of the Legislature was in response to a subject designated by the Governor's proclamation calling the special session, or otherwise presented by him. . . ."

Accord: W. T. Waggoner Estate v. Gleghorn, 370 S.W.2d 786, at 789 (Tex.Civ.App. —Eastland 1963; rev'd on other grounds, 378 S.W.2d 47 (Tex.1964) ); 53 Tex.Jur. 2d Statutes, § 40, pp. 72–73 and authorities there cited. See also 13 Tex.L.Rev. 224.

Only recently in Maldonado v. State, 473 S.W.2d 26 (Tex.Cr.App.1971), it was recognized that this rule had long been followed by the civil courts of this state and it was adopted as the rule in criminal cases overruling all cases to the contrary. We adhere to that decision.

Therefore, appellant's first contention is without merit.[3]

3. Appellant attached to his motion to quash the indictment a copy of Governor John Connally's Proclamation calling a special session of the 60th Legislature dated May 16, 1968, and attested by Roy R. Barrera, Secretary of State. The purposes of the special called session which was to commence on June 4, 1968, were set out as follows:
   "1. To enact appropriations for general state services, authorized under existing law.
   "2. To enact revenue measures to meet state expenditures.
   "3. To consider and act on such other subjects and questions as the Governor may submit from time to time."
   Further investigation reveals the following message to the Legislature from the Governor dated June 21, 1968:

■ Next, appellant contends the court erred in permitting John Stevens, Assistant Supervisor for the Texas Alcoholic Beverage Commission, stationed in Waco, to testify that the Tampico Lounge in Waco where the alleged offense occurred "was covered by a permit to sell and serve alcoholic beverages." The objection in the trial court was that such testimony was in violation of the best evidence rule.

Stevens testified that in performance of his duties he had been on the premises in question on several occasions; that when the Supervisor was not in the office he had the care, custody and control of the records in the Waco office of the Alcoholic Beverage Commission; that such records reflected that an on premise beer license had been issued to Thomosa Orta at the address in question on October 16, 1969, and that such license was still in effect at the time of the alleged offense. He acknowledged that he had nothing to do with the issuance of the license in Austin and that his information had been obtained from an office file which had been prepared by someone else.

It is appellant's position that the best evidence rule was violated. The State contends the evidence was offered only to show the existence of a license and was not offered to prove the contents of the license contending the best evidence rule is thus not applicable. State cites Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364 (1959). We agree. See Texas Law of

Evidence, McCormick & Ray, vol. 2, § 1566, p. 409.

Further, we note that Thomosa Orta testified that an on premise beer license had been duly issued at the address in question and was in effect on the night of the alleged offense.

Finding no reversible error, the judgment is affirmed.

"TO THE MEMBERS OF THE SIXTIETH LEGISLATURE FIRST CALLED SESSION:
"In my message to the First Called Session of the Sixtieth Legislature on June 4, 1968, I officially included in the Call the reform of the liquor laws of this State. The purpose of this communication is to affirm that the business of the First Called Session of the Sixtieth Legislature has included, since June 4, and does include, the reform of the liquor laws of the State of Texas.
    Respectfully submitted,
    /s/ John Connally
    Governor of Texas "

In Davis v. State, 215 S.W.2d 340, at 341 (Tex.Cr.App.1948), it was held that the special session having been called to deal with the subject of intoxicants embraced in his message, the discretion of the means, within the limits of the constitution, was with the Legislature, and beyond the control of the Governor, save in his exercise of the veto power. See also Baldwin v. State, 21 Tex.App. 591, 3 S.W. 109 (1886) ; Brown v. State, 32 Tex.Cr.R. 119, 22 S.W. 596 (1893).