**David Willie WALTERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37860.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 4, 1973.

Ken. L. Sanders, Houston, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of burglary; two prior convictions for felonies less than capital were used for enhancement, under Art. 63, Vernon's Ann.P.C., and punishment was assessed at life. The conviction was affirmed in 398 S.W.2d 569 (Tex.Cr. App. 1966). However, appellant was granted an out-of-time appeal, and the entire record is now before this Court.

Appellant raises two grounds of error.

The record reflects the following testimony: in the early morning hours of February 1, 1964, a woman who lived next door to a cafe observed a man take the screen off the window of the cafe and enter the building. She notified the owner, who soon arrived at the scene. He found appellant inside the cafe; the owner testified that when appellant was discovered he stated, "Oh, I just wanted to get some money to give my girl a good time, that is all." The owner further testified that the cafe closed at 12:00 o'clock that night, and that he had given no one permission to enter it past that time.

Appellant testified in his own behalf, alleging that he had been in the cafe that evening drinking and playing pool. He stated that he had gone to the restroom, fell asleep, and was locked in the cafe when it closed. (The owner testified that he made a thorough check of the building before locking up). Appellant contends that when he awoke and realized what had happened, he opened the restroom window and climbed out, but then realized he had left his cigarette lighter inside. It was after he had gone back through the window to retrieve the lighter, he argues, when he was apprehended.

In appellant's first ground of error, he contends that the State did not prove all

the essential elements of burglary, since it was not shown that the place burglarized has four walls, a roof and a floor. The record reflects testimony that the place burglarized was a cafe, formerly a house, and that it was locked when burglarized. The evidence was sufficient to bring the establishment within the protection of the burglary statute. 10 Tex.Jur.2d §§ 10 and 11 (1959).

 Appellant next alleges that the two prior convictions used for enhancement were void for several reasons. The record reflects that both appellant and his counsel stipulated to the validity of these convictions at the trial. No objections were ever voiced. Nothing is presented for review.

The judgment is affirmed.