**Willie James COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45929.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied April 18, 1973.

Ray Gene Smith, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of the offense of unlawfully carrying on his person a pistol on premises licensed under the provisions of the Texas Liquor Control Act. Punishment, enhanced under Article 63, Vernon's Ann.P.C., by reason of two prior felony convictions, was assessed at life imprisonment.

In his first ground of error appellant contends that Article 63, V.A.P.C., is unconstitutional as being in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States. The constitutionality of this statute has been upheld in many cases, and is no longer an open question. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Ohler v. Beto, 5 Cir., 356 F.2d 879; Giacona v. Beto, 5 Cir., 377 F.2d 280; Woodard v. Beto, 5 Cir., 447 F.2d 103, cert. den. 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275; Redding v. State, 159 Tex.Cr.R. 535, 265 S. W.2d 811, cert. den. 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Mackie v. State, Tex. Cr.App., 367 S.W.2d 697; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804; Vandall v. State, Tex.Cr.App., 438 S.W.2d 578; Cherry v. State, Tex.Cr.App., 447 S.W.2d 154; Bennett v. State, Tex.Cr.App., 455 S.W.2d 239; Foster v. State, Tex.Cr.App., 455 S.

W.2d 243; Flores v. State, Tex.Cr.App., 472 S.W.2d 146.

■ Appellant further contends that the evidence is insufficient to sustain the conviction in that the State failed to prove that the premises in question, Cooper's Cafe in Wichita Falls, operated by M. A. Cooper, was, on August 13, 1969, the date of the commission of the alleged offense, licensed premises under the provisions of the Texas Liquor Control Act.

Doyle Davis, Supervisor of the Texas Alcoholic Beverage Commission, testified that M. A. Cooper, acting for Cooper's Cafe, applied for a license to sell beer and wine on premises July 31, 1967, and that such a license was granted that year in the name of Cooper's Cafe. The license was good for one year, and each year he had to renew his license. Although the examination of Davis and his testimony was not as precise or definite as might be desirable, his evidence was to the effect that since 1967, Cooper had continued to operate the cafe under the license granted to the date of the trial. Reyna v. State, Tex.Cr.App., 477 S.W.2d 564.

Cooper was testifying of the events of August 13, 1969, when he answered in the affirmative to the question, "And you have a license or permit to sell beer?" It is clear from the context of the examination at that point that he was saying that he had an on premises license to sell beer at the time of the offense. In all particulars, the evidence was sufficient to show the commission of the offense charged. Cooper's Cafe was a place where beer was being sold on August 13, 1969. The evidence, both that coming from the State and the defense, shows without dispute that on August 13, 1969, the appellant did carry into Cooper's Cafe a pistol, that he exhibited said pistol, and that a woman customer was shot by this pistol. There was a difference in the evidence concerning whether the shooting was intentional on the part of appellant or was an accident. The verdict

of the jury was amply supported by the evidence.

■ Appellant contends in his brief, although the point is not properly set forth in any ground of error, that the prior convictions used in the penalty stage to enhance the punishment, which were on pleas of guilty, do not affirmatively show that appellant was admonished on each occasion that if he was found guilty, such conviction might be used in some subsequent trial for enhancement under Articles 62 or 63, V.A.P.C. There is no requirement that such admonishment be made, and if such contention was properly before us, we would overrule it.

■ Appellant raises the contention by his third ground of error that the evidence fails as a matter of law to show a violation of Article 483, V.A.P.C. A confession was introduced by the State in which appellant stated that he was on his way to his business with a "sizeable sum of money," and that he was carrying the pistol, and that he carried the gun to protect the money. Appellant contends that because of the fact that this evidence offered by the State was uncontroverted, he was entitled as a matter of law to an instructed verdict.

We quote as follows from Kirkwood v. State, Tex.Cr.App., 488 S.W.2d 824, 826:

"Even if it can be argued that the facts offered by the appellant would constitute an exception to the prohibition of Article 483, Vernon's Ann.P.C., it is immaterial because the trial judge, as the trier of the facts, is not required to believe a defendant's testimony as to his reason for carrying the pistol, even if it is not controverted. Porter v. State, 388 S.W.2d 422 (Tex.Cr.App.1965); Hobbs v. State, 407 S.W.2d 791 (Tex.Cr.App.1966)."

See also Reyna v. State, Tex.Cr.App., 477 S.W.2d 564; Milligan v. State, Tex.Cr. App., 465 S.W.2d 157.

■ In the instant case, the jury was the trier of facts. The matter of deviation

from his trip to his business to enter the cafe where beer was sold was evidence that appellant's trip was not exclusively for business reasons. The question of whether his claimed exemption from the provisions of Article 483, V.A.P.C., should have been submitted to the jury as a defense is not before us. Appellant did not object to the charge for failure to instruct on that issue and did not request any special instruction.

In overruling this ground of error, we do not pass on whether the evidence did in fact raise any issue of the legality of appellant's alleged defense. Article 484, V.A.P.C.

The judgment is affirmed.

Opinion approved by the Court.