**George Albert SHAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46347.**

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 17, 1973.

Gerry O'Malley Walsh, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, John Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of felony shoplifting; punishment was enhanced under Article 63, Vernon's Ann.P. C., and a life sentence was assessed.

The most serious contention raised on appeal concerns the admission into evidence of testimony relating to alleged extraneous offenses. Appellant and two companions were arrested in Foley's Department Store in Houston for shoplifting. Appellant contends that the State was improperly permitted to show that, after their apprehension in the store, a search of an automobile belonging to one of them re-

vealed merchandise which apparently came from Battelstein's Department Store. It is appellant's argument that this merchandise was never shown to have been stolen, and, in fact, no extraneous offense was shown; thus the *inference* of another offense was established.

■ We agree with appellant that, where the State seeks to admit extraneous offenses, the transactions should not be allowed into evidence unless the State is prepared to prove that the accused committed the same. Tomlinson v. State, 422 S.W.2d 474 (Tex.Cr.App.1967).

However, appellant fails to point out to this Court, as does the State, that the record reflects it was *defense counsel* who first elicited evidence concerning these articles of clothing from Battelstein's, found in the automobile in which the trio had arrived. Defense counsel introduced stipulated testimony from the owner of that automobile. This testimony was read to the jury; the witness stated that he and his wife decided to ask appellant if he wanted to go shopping with them. He further testified that, on the day preceding the one in question, he had occasion to purchase three shirts from Battelstein's. Defense counsel inquired:

"Q  What was the occasion?

"A  For my dad, just a present to give him.

"Q  How much did you pay for them?

"A  I don't remember.

"Q  This was the stuff which she found in the car. Is that correct?

"A  Yes, sir.

"Q  What about that ladies' pants suit found in the car? Do you know where that came from?

"A  No, sir."

■ Certainly, appellant cannot now question the propriety of the State going into this same matter. We overrule this first ground. Slaughter v. State, 439 S. W.2d 836 (Tex.Cr.App.1969) cert. denied,

396 U.S. 945, 90 S.Ct. 382, 24 L.Ed.2d 246 (1969).

■ Appellant next contends that the court erred in submitting a charge on extraneous offenses to the jury. The record reflects no objection to the court's charge, in compliance with Article 36.14, Vernon's Ann.C.C.P. No error is shown.

■ In ground #3, the constitutionality of Article 63, V.A.P.C., is challenged. We refer appellant to the case of Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967), rehearing denied, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967).

Appellant also argues that the two prior felony convictions used for enhancement purposes are void. These exhibits were introduced without objection and counsel on appeal concedes that this ground is without merit. Walters v. State, 491 S.W.2d 685 (Tex.Cr.App.1973).

We have also examined appellant's pro se brief and we find nothing which merits further discussion.

The judgment is affirmed.