**Richard F. SCHULTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48354.**

Court of Criminal Appeals of Texas.

June 12, 1974.

Rehearing Denied July 10, 1974.

Eugene B. Sisk, Universal City, for appellant.

Ted Butler, Dist. Atty., Bill White, Charles Conaway and Douglas C. Young, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for felony theft. Punishment, enhanced under the mandatory provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

At the outset appellant contends the court erred in admitting into evidence the items allegedly stolen, a pistol and watch, and any statements about them made by appellant.

The record reflects appellant was arrested in Houston on January 5, 1973, as the result of a warrant from Bexar County charging appellant with the murder of one

Ralph Winton, Jr. on January 3, 1973. The indictment in the instant case charges appellant with the theft of a watch and gun from Winton on January 3, 1973. According to Houston Police Officer Pierce, police had appellant under surveillance on the date of the arrest as a result of information received from San Antonio. After a radio message was received at 3:55 p. m. that a warrant of arrest had issued for appellant in Bexar County, appellant was taken into custody. At the hearing on appellant's motion to suppress, the testimony of Pierce reflects that a fellow officer read appellant his rights from a card following the arrest. Pierce read the warning given appellant from a card identified as being "just like the one my partner used" on the occasion in question. Appellant was taken to the police station where an attempt was made to locate a magistrate. According to Pierce, no magistrates were available and at about 4:40 p. m. Pierce started questioning appellant. Appellant's oral statement to Pierce reflects that appellant met the deceased in a bar in San Antonio on the night of January 2, 1973. Appellant later accompanied deceased to his apartment where they continued to drink. An argument started over whether appellant had lived in Houston which resulted in an altercation between the deceased and appellant. The fight concluded when appellant "held him [deceased] down with his hands around his neck until he quit moving." Appellant took the deceased's watch, gun and money and drove to Houston where he gave the watch and gun to his mother. Appellant told Pierce that he would accompany officers to the place where his mother was employed in order that they might recover the watch and gun. Pursuant to appellant's directions, Pierce, other Houston police officers and appellant went to a cleaning establishment on West Dallas Street where appellant's mother was working. Pierce stated that they left the police station at 6:00 p. m., a time approximately one hour and twenty minutes after questioning of appellant began. At the suggestion of appellant, his mother closed the business and took the officers to her home on Colgate Street where she opened the trunk of a car and said, "There is the stuff that he gave me." Pierce recovered a torn pillow slip containing the watch and pistol taken from the deceased.

While appellant's oral confession was not offered at the trial on the merits, the watch and pistol were admitted into evidence over appellant's objection. The admission of these articles into evidence constitutes the basis for appellant's complaint in his first contention.

In Noble v. State, Tex.Cr.App., 478 S. W.2d 83, it was held that the admission of articles obtained as a result of custodial interrogation at a time when the defendant had not been properly warned required reversal.

Appellant urges that the court was in error in admitting the articles in question into evidence since they were recovered as the result of an invalid arrest.[1]

In the recent case of Bowens v. State, 507 S.W.2d 785, this Court stated:

"It is true that an illegal arrest may under certain circumstances vitiate a confession, particularly an incriminating verbal statement made contemporaneous with the unlawful arrest where surrounding conditions and circumstances show the statement not to be an act of a wholly free will. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

"This does not mean that every confession which follows an illegal arrest is ipso facto inadmissible. Lacefield v. State, 412 S.W.2d 906 (Tex.Cr.App. 1967); Pearson v. State, 414 S.W.2d 675 (Tex.Cr.App.1967).

---

1. In view of our disposition of this contention we find it unnecessary to pass upon appellant's contention that the warrant for arrest was based on an affidavit which did not reflect probable cause.

"A confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that its author was under arrest or in custody at the time, even though the arrest may have been under an invalid process or without process or legal right. Gonzales v. State, 429 S.W.2d 882 (Tex.Cr.App. 1968)." See Chase v. State, 508 S.W.2d 605 (Tex.Cr.App., 1974).

Appellant does not claim nor does the record reflect that the statement was not voluntary. It is not disputed that appellant was properly warned before making the oral statement. The undisputed testimony of Officer Pierce reflects that appellant's oral statement led to the finding of the fruits of the crime.[2] The record does not demonstrate nor is it contended that appellant was held incommunicado for an extended period of time, denied food or critically deprived of his capacity for self-determination. Coercion has not been urged or established.

■ The record does not reflect any evidence that failure to take appellant before a magistrate caused him to confess. See Article 15.17, Vernon's Ann.C.C.P. To avail himself of this complaint, appellant must show a causal connection between such failure and his confession. Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681; Black v. State, Tex.Cr.App., 432 S.W.2d 951; Easley v. State, Tex.Cr.App., 448 S.W.2d 490.

The court filed findings that the appellant "received all of the requisite warnings under the *Miranda* and *Escobedo* decisions, following which he gave an oral statement which led to the finding of the fruits of the crime," and concluded that the oral confession of appellant was voluntary and admissible "as a matter of law and fact."

■ We hold that the oral confession meets the requirements of Article 38.22, V.A.C.C.P., and conclude that the trial court's findings that the confession was admissible are supported by the evidence. It follows that the gun and watch recovered as a result of the oral statement were likewise admissible.

■ Appellant contends that the court erred in failing to require the jury to assess the punishment, the appellant having duly made his election for the jury to assess punishment.

The jury's verdict on punishment contained a finding that appellant had been, prior to the commission of the instant offense, "two times duly and legally convicted of a felony less than capital in Cause No. 136805 and Cause No. 116584 as charged in the indictment." Appellant claims that Article 37.07, Section 1, V.A.C.C.P., requires that the jury must assess punishment if the defendant has so requested.

In Longoria v. State, 507 S.W.2d 753, this Court said:

"Section 1 of Article 37.07, V.A.C.C.P., provides that, except as provided in Section 2, the jury shall assess the punishment in all cases 'where the same is not absolutely fixed by law to some [other] particular penalty.' Article 63, V.A.P.C., provides that upon the third conviction of a felony less than capital the punishment of life imprisonment is mandatory. It was not the jury's duty to fix the punishment upon appellant's third conviction because under Article 63, V.A.P.C., the punishment of life imprisonment was mandatory. Salinas v. State, Tex.Cr.App., 365 S.W.2d 362."

No error is shown.

■ Appellant contends that the conviction in Cause No. 116584 in Criminal District Court No. 3, Harris County, alleged in the indictment, will not support enhancement of punishment under Article 63, V.A.P.C.

---

2. See Article 38.22, Section 1 (e), V.A.C.C.P.

Appellant points to the fact that the judgment and sentence in Cause No. 116584 reflect that the conviction was for "Theft, a felony," and urges that such a description of the offense does not distinguish the conviction from one for misdemeanor theft. Appellant argues that the judgment and sentence fail to reflect that the conviction was for theft of property of over the value of fifty dollars. The indictment in Cause No. 116584, introduced into evidence, reflects that appellant was charged with theft of property over the value of fifty dollars. In Cleveland v. State, Tex.Cr.App., 493 S.W.2d 145, a conviction for sale of marihuana where judgment and sentence recited, "sale of a narcotic drug, to wit: marijuana, a non-capital offense," was held to have been properly used for enhancement purposes against a contention that sale of a narcotic drug could be a capital offense, upon subsequent conviction. Further, the indictment alleging theft of property over the value of fifty dollars and the judgment and sentence in Cause No. 116584, reflecting that punishment was assessed at four years, were sufficient to show that appellant was convicted of felony theft. See Norris v. State, Tex.Cr.App., 488 S.W.2d 84.

Appellant further contends that the judgment and sentence in Cause No. 116584 do not show that the State introduced any evidence after appellant entered a plea of guilty. The judgment in Cause No. 116584 recites, "and having heard the evidence submitted, and argument of counsel thereon, the Court finds the Defendant guilty of theft, a felony. . . ." The recitations in the judgment and other records are binding on appellant in the absence of direct proof to the contrary. Appellant has presented nothing to overcome the presumption of regularity and accuracy of the court records. Harvey v. State, Tex.Cr.App., 485 S.W.2d 907. See also Martinez v. State, Tex.Cr.App., 504 S.W.2d 897; Reeves v. State, Tex.Cr.App., 500 S.W.2d 648.

Lastly, appellant contends that Article 63, V.A.P.C., is violative of constitutional guarantees against double jeopardy and fails to provide due process of law. Numerous decisions of this Court and the federal courts have decided the questions raised by this contention adversely to appellant. Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971), cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971); Ohler v. Beto, 356 F.2d 879 (5th Cir. 1966); Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Giacona v. Beto, 377 F.2d 280 (5th Cir. 1967); Thrash v. State, Tex.Cr.App., 500 S.W.2d 834; Shaver v. State, Tex.Cr.App., 496 S.W.2d 604; Cooper v. State, Tex.Cr.App., 492 S.W.2d 545; Cherry v. State, Tex.Cr.App., 447 S.W.2d 154. See Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

The judgment is affirmed.

Opinion approved by the Court.