TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00831-CR







Juan Cordova, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 97-0481, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 This appeal is from a conviction for a burglary of a habitation of Margaret
Martinez, appellant's mother. See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994 & Supp.
1999). Appellant Juan Cordova waived trial by jury and entered a plea of not guilty to the
indictment in a bench trial. The trial court found appellant guilty. Upon appellant's plea of "true"
to the enhancement paragraph alleging a prior burglary conviction, punishment was assessed at
20 years' imprisonment.


Points of Error


 Appellant advances two points of error challenging the legal and factual sufficiency
of the evidence to support the conviction. We will affirm.



Facts


 Jessie Cordova, appellant's 17-year-old sister, came home early from school on the
afternoon of December 17, 1996, and found her brother in their mother's home in Austin. She
was surprised to see appellant as he had been told two weeks before to leave the house and to stay
away. Appellant had two suitcases and a back pack. He told Jessie that he had taken the stereo,
the VCR, and the Nintendo, all of which belonged to their mother. When she asked about their
mother's pager, which had been taken earlier, appellant threw it on the couch. Jessie had learned
from her mother that appellant had returned the house keys earlier. Jessie did not know of the
broken window in the rear of the house until the police arrived on the scene.

 Margaret Martinez, appellant's mother, testified that she lived with her husband,
Edward Martinez, at 603 South 2nd Street in Austin. She and her husband had both signed the
lease. She left work and returned home after she received a call from her daughter. She found
a "freshly" broken window in the rear of the house and a glove nearby. Two weeks earlier she
had the 25-year-old appellant to leave the house and to return the house keys to her. He left the
keys in the barbeque pit but had not returned her pager. Mrs. Martinez stated that she had not
given appellant permission to enter her home or to take any items including the stereo system, the
VCR, and the Nintendo.

 Austin Police Officer Thomas Sweeney responded to a burglary of a residence call
on December 17, 1996. He spoke with Jessie Cordova and her mother when she arrived home. 
Sweeney found a back bedroom window that had been broken, which was the apparent point of
entry. He received appellant's name from Mrs. Martinez. After a warrant was issued, he
patrolled in the area at Mrs. Martinez's request.

 Appellant's mother related that he moved to Austin in July or August 1996, after
he had been paroled to El Paso upon his release from prison. He was permitted to live with her,
but two weeks before December 17, 1996, she told him to leave the house and not to return. 
Appellant had assaulted his brother, had been taking drugs and "drinking a lot," and told his
mother he would "wipe your house out." His mother was afraid of him. She testified the stereo
system, the VCR and the Nintendo were worth over $1,700. She discovered that a weed eater,
a saw, a recorder and radio were also missing, but she did not know when these items were taken.

 Bobby Blackett testified he was employed by Cash America International, a pawn
shop. Appellant then stipulated that he had pawned the VCR and stereo system taken in the
burglary at the pawn shop.

 Appellant testified in his own defense. He admitted that he had been previously
convicted of burglary as alleged. Appellant also confessed that he took all of the items missing
out of his mother's home without permission on the same day. Appellant acknowledged that he
had been told to leave, but he claimed that he had been granted permission to return to collect his
personal belongings. He had an extra key and placed it in the mail box when he left on December
17, 1996. He related that he stole a car in Austin and was later arrested in El Paso for parole
violations. Appellant advances the contention that he was guilty of theft, not burglary of a
habitation.



Legal Sufficiency - Standard of Review


 In determining whether the evidence is legally sufficient to support the judgment,
we view the evidence in the light most favorable to the verdict, asking whether any rational trier
of fact could have found beyond a reasonable doubt all the essential elements of the offense. See
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim.
App. 1996); Skillern v. State, 890 S.W.2d 849, 879 (Tex. App.--Austin 1994, pet. ref'd).

 The evidence, viewed in this light, and all reasonable inferences drawn therefrom
are evaluated in this review. See Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App.
1995). A reviewing court must evaluate all evidence, rightly or wrongly admitted, which the trier
of fact was permitted to consider. See Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App.
1997); Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); Beltran v. State, 728
S.W.2d 382, 389, (Tex. Crim. App. 1987). The standard for review is the same for both direct
and circumstantial evidence cases. See Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App.
1992). In analyzing a challenge to the legal sufficiency of the evidence, the reviewing court does
not realign, disregard, or weigh the evidence. See Rodriguez v. State, 939 S.W.2d 211, 218 (Tex.
App.--Austin 1997, no pet.).

 The trial court was the trier of fact in this bench trial. It was the sole judge of the
credibility of the witnesses and the weight to be given the testimony. See Joseph v. State, 897
S.W.2d 374, 376 (Tex. Crim. App. 1995); Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim.
App. 1987), cert. denied, 488 U.S. 831 (1988). The trial court may accept or reject all or any
part of any witness's testimony. See Mattias, 731 S.W.2d at 940. The trial court is not required
to believe the defendant's testimony. See Id.; Porter v. State, 388 S.W.2d 422, 423 (Tex. Crim.
App. 1965). Reconciliation of evidentiary conflicts is solely the function of the trial court. See
Miranda v. State, 813 S.W.2d 724, 733-34 (Tex. App.--San Antonio 1991, pet. ref'd).

 Viewing the evidence in the light most favorable to the trial court's judgment, we
conclude that a rational trier of fact could have found beyond a reasonable doubt all the essential
elements of burglary of a habitation as charged. The first point of error is overruled.


Factual Sufficiency


 In the second point of error, appellant challenges the factual sufficiency of the
evidence to sustain the conviction. Factual and legal sufficiency questions are decided by different
standards of review. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In
evaluating a factual sufficiency question, the appellate court begins with the presumption that the
evidence is legally sufficient to support the conviction. See Id. at 134. In this type of analysis the
reviewing court views all the evidence without the prism of "in the light most favorable to the
prosecution" and sets aside the verdict or judgment only if it is so contrary as to be clearly wrong
and unjust. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922
S.W.2d at 129. There must always be a deference to the findings of the jury or trier of fact. See
Cain, 958 S.W.2d at 407. "A court of appeals may not reverse a jury's decision simply because
it disagrees with the result; the appellate court must defer to jury findings, and may find the
evidence factually insufficient only where necessary to prevent manifest injustice." Id. The same
reasoning applies to the trial court's judgment in a bench trial. In the event a court of appeals
finds the evidence factually insufficient, it must then provide a detailed explanation of that finding
so that it is clear that the court accorded the proper deference to the jury's findings or the trial
court's judgment. See Cain, 958 S.W.2d at 407.

 We have examined the evidence in light of the standard of review for factual
insufficiency. We conclude that the trial court's judgment was not so contrary to the great weight
and preponderance of evidence as to be clearly wrong and unjust. The second point of error is
overruled.

 The judgment of conviction is affirmed.


 

 John F. Onion, Jr., Justice

Before Justices Jones, Onion* and Yeakel** 

Affirmed

Filed: December 3, 1998

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Lee Yeakel, former Chief Justice, Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).



 judge of the
credibility of the witnesses and the weight to be given the testimony. See Joseph v. State, 897
S.W.2d 374, 376 (Tex. Crim. App. 1995); Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim.
App. 1987), cert. denied, 488 U.S. 831 (1988). The trial court may accept or reject all or any
part of any witness's testimony. See Mattias, 731 S.W.2d at 940. The trial court is not required
to believe the defendant's testimony. See Id.; Porter v. State, 388 S.W.2d 422, 423 (Tex. Crim.
App. 1965). Reconciliation of evidentiary conflicts is solely the function of the trial court. See
Miranda v. State, 813 S.W.2d 724, 733-34 (Tex. App.--San Antonio 1991, pet. ref'd).

 Viewing the evidence in the light most favorable to the trial court's judgment, we
conclude that a rational trier of fact could have found beyond a reasonable doubt all the essential
elements of burglary of a habitation as charged. The first point of error is overruled.


Factual Sufficiency


 In the second point of error, appellant challenges the factual sufficiency of the
evidence to sustain the conviction. Factual and legal sufficiency questions are decided by different
standards of review. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In
evaluating a factual sufficiency question, the appellate court begins with the presumption that the
evidence is legally sufficient to support the conviction. See Id. at 134. In this type of analysis the
reviewing court views all the evidence without the prism of "in the light most favorable to the
prosecution" and sets aside the verdict or judgment only if it is so contrary as to