**Pat KIRKWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45530.**

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

———◆———

James W. Lee, III, Dallas, for appellant.

Henry Wade, Dist. Atty., and Michael P. Gibson, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for unlawfully carrying a pistol. The punishment was assessed at a fine of $100.00. Trial was before the court upon a plea of not guilty.

Appellant's sole contention is that the evidence is insufficient to sustain the conviction.

Dallas City Police Officer Whisenhunt testified that about 12:45 a. m. on October 10, 1970, while on foot-patrol, he saw the appellant in front of The Cellar, a nightclub in the 2100 block of Commerce Street in the City of Dallas, "more or less milling around"; that it was the weekend of the University of Texas and Oklahoma University football game, and there were a large number of people on the street. He related that the appellant approached him and Officer Haines and that he formed the opinion that the appellant was intoxicated and he also observed a pistol in appellant's pants, and that the appellant was arrested for being drunk and for unlawfully carrying a pistol. He acknowledged that the appellant had informed him that he (the appellant) was the owner of The Cellar, and that he had a large amount of money on his person.

Officer Haines generally corroborated Officer Whisenhunt's testimony.

Officer Benefield testified that the records of the Dallas Police Department reflected that the appellant had on his person $10,974.25, in cash, when he was booked at the jail.

The appellant, testifying in his own behalf, related that, in addition to several other businesses, he owned The Cellar nightclubs in Fort Worth, Dallas, and Houston, and that on the occasion in question he had collected money in Fort Worth, had come to Dallas and collected money and awaited the arrival of one Johnny Carroll, who was bringing money from The Cellar in Houston. He testified that after Carroll's arrival he sent one of the "kids" who worked for him to get his car for the return to his home in Fort Worth, and that he was arrested while standing on the street in front of his business. He acknowledged that he was carrying a pistol and revealed that he always carried a pistol when he was in possession of large sums of money. He denied he was intoxicated and claimed his walk was affected by injuries suffered in accidents in Colorado.

Johnny Carroll testified he was an employee of the appellant's and that he had brought some money from Houston to Dallas on the date in question. He corroborated the appellant's testimony that one of the "kids" who was temporarily employed at The Cellar or who was hanging around the nightclub had been sent for the appellant's car. Like the appellant, Carroll was unable to identify the "kid." He also relat-

ed that he observed the appellant's arrest, but did not interfere for fear of being arrested himself.

Appellant relies upon Boyett v. State, 167 Tex.Cr.R. 195, 319 S.W.2d 106, 107 (1958), wherein this court wrote:

> "There is authority to the effect that ordinarily one is authorized to carry a pistol from his place of business to his home when he has on his person a considerable sum of money and when not deviating from the nearest or most practical route and stopping only for a moment's conversation . . . . [Cases cited are omitted]"

 Even if it can be argued that the facts offered by the appellant would constitute an exception to the prohibition of Article 483, Vernon's Ann.P.C., it is immaterial because the trial judge, as the trier of the facts, is not required to believe a defendant's testimony as to his reason for carrying the pistol, even if it is not controverted. Porter v. State, 388 S.W.2d 422 (Tex.Cr.App.1965); Hobbs v. State, 407 S.W.2d 791 (Tex.Cr.App.1966).

Nevertheless, the appellant contends the trial court erred because the court based its judgment "upon the testimony of the defendant that he always carried a pistol on his person when he was carrying a large sum of money to and from his businesses." No support for such contention is found in a transcription of the court reporter's notes. Appellant relies upon a formal bill of exception filed on the 89th day after notice of appeal but not shown to have been presented to the trial judge. He contends that under Article 40.09 § 6(a), Vernon's Ann. C.C.P., that an appellant's responsibility ceases when the formal bill of exception is filed with the clerk of the court and that it is the clerk's responsibility to present the bill of exception to the trial judge, and that where the trial judge had not acted upon the said bill within 100 days after the giving of the notice of appeal the same shall be considered as approved. *Cf.* Seefurth v.

State, 422 S.W.2d 931, 936 (Tex.Cr.App. 1968).

We need not decide whether, under the particular facts of this case, the "presentment" requirements of Article 40.09 § 6(a), supra, have been met.

 Even if the bill of exception is properly before us for review, we do not find it sufficient to show that the trial judge based his judgment *solely* on the testimony offered by the appellant that he always carried a pistol on his person when he was carrying a large sum of money to and from his businesses.

A formal bill of exception must be complete within itself and make manifest the error it purports to show and must show the act or ruling complained of could not be correct. Smith v. State, 474 S.W.2d 486 (Tex.Cr.App.1971).

The judgment is affirmed.