Andrew Lee **TAYLOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–83–213–CR.

Court of Appeals of Texas, Waco.

March 29, 1984.

Shirley A. Ehrlich, Ehrlich & Garcia, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., Susan D. Reed, Mitchell L. Weidenbach, Charles Estee, Asst. Crim. Dist. Attys., San Antonio, for appellee.

HALL, Justice.

Pleading not guilty, appellant Andrew Lee Taylor was found guilty in a trial to the court without a jury for the offense of forgery by possessing a forged check, proscribed in Penal Code § 32.21(a)(1)(C). Enhanced by one prior felony conviction, punishment was assessed by the court at confinement in the Texas Department of Corrections for seven years.

In his two grounds of error, appellant asserts (1) the evidence is insufficient to sustain the conviction, and (2) the indictment is fatally defective because the amount for which the check was payable is uncertain. We overrule these contentions and affirm the judgment.

Erick Kuykendall testified that he had lost his checkbook during January 1982. He testified that he knew appellant, but had not given him any checks, nor had he given appellant or anyone else authority to sign his name to any checks. He testified that he did not sign any of his three checks recovered from appellant which purported to be signed by "Erick Kuykendall".

A teller from the Frost National Bank identified appellant as the man who had indorsed the check and presented it for payment on January 15, 1982. The check was drawn on the account of Erick Kuykendall, and was signed "Erick Kuykendall." After comparing the maker's signature with Mr. Kuykendall's signature card, the bank teller called his supervisor who after a brief conversation with appellant called the bank security officers.

Appellant then shoved the supervisor and attempted to escape by running up the bank's "down" escalator, but he was quickly apprehended by the security officers. Upon obtaining appellant's consent to search him, they found two other checks on his person drawn on accounts held by Erick Kuykendall, and bearing maker's signatures that read "Erick Kuykendall." Appellant was the payee of one of the checks and "Eva Alvarez" was the payee of the other.

Appellant testified that the check he presented to the bank teller was payment for a gambling debt that someone had owed him. He admitted knowing Kuykendall, but only by the name of "Killer". He testified that the check was given to him by someone other than Kuykendall.

Appellant's contention in his first ground of error is that the evidence is insufficient in that the State failed to show that he had the requisite intent to defraud or harm someone. He states that there was not sufficient evidence for the trial court to infer that he knew the check was forged.

The checks were shown to be forged by the testimony of Erick Kuykendall who testified that he didn't sign them or authorize another to sign them. *Anderson v. State,* 621 S.W.2d 805, 808 (Tex.Cr.App. 1981).

The State may establish intent to defraud or harm by circumstantial evidence. *Pfleging v. State,* 572 S.W.2d 517,

519 (Tex.Cr.App.1978); *Hill v. State*, 608 S.W.2d 932, 934 (Tex.Cr.App.1980). Escape and flight are evidence of a circumstantial nature, and can be considered in connection with all the other evidence. *Anderson*, supra.

▪ Appellant testified that he ran for fear that his involvement in illegal gambling activities would be discovered. A defendant's explanation that the flight was prompted by reasons other than guilt of the crime charged is not conclusive on the trier of facts, but is simply to be considered and weighed along with the other evidence. *Hodge v. State*, 506 S.W.2d 870, 873 (Tex.Cr.App.1974). In our case, the trial court as the fact-finder did not have to believe appellant's asserted reason for attempting to flee.

▪ Considering all the evidence in the case, including appellant's possession of two other forged checks and his attempted flight, we conclude the evidence is sufficient to show knowledge on the part of appellant that the check in question was forged and to show that appellant acted with intent to defraud. Appellant's first ground of error is overruled.

▪ In his second ground of error, appellant contends the indictment is fatally defective because the amount of the check in question is unintelligible. The check is made out for the amount of "$200,00" in numbers. The writing shows it is for

"two hundred -------- $\dfrac{200,00}{\text{xx}}$ Dollars".

V.T.C.A., Business & Commerce Code § 3.118(3) provides that in construing commercial paper "Words control figures except that if the words are ambiguous figures control." We hold that the words on the check in our case are not ambiguous and that under the applicable commercial law the face of the check shows that it was drawn in the amount of two hundred dollars. *McNeese v. State*, 596 S.W.2d 906, 907 (Tex.Cr.App.1980). Appellant's second ground of error is overruled.

The judgment is affirmed.