Valentin Contreras
**MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–89–00186–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1990.

---

Karen A. Crouch, San Antonio, for appellant.

Stella Saxon, Asst. Dist. Atty., Karnes City, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted by a jury of unlawful possession of a firearm by a felon. TEX.PENAL CODE ANN. § 46.05. The trial court sentenced him to ten years' confinement. Appellant raises one point of error, that the evidence was insufficient to support the jury's verdict.

Officer Steve Sparks of the Pleasanton Police Department testified he was on patrol at one o'clock in the morning when he received a call to watch for a suspicious vehicle. Soon thereafter he came across the vehicle in question, being driven erratically as if the driver were intoxicated. Officer Sparks turned on his overhead lights, but the driver refused to stop. The officer gave chase for several blocks until the car pulled into the driveway of a residence. The driver, appellant, emerged from the car with his back to the officer. Appellant looked as if he were trying to put something under the seat of the car or pull something out. Officer Sparks drew his gun and approached. Appellant turned, became belligerent, and tried to attack the officer. After a struggle and the arrival of another officer, appellant was handcuffed and arrested.

Sergeant Keith Blair was the third officer to arrive on the scene. When he saw that appellant was under control he went to look into the car appellant had been driving. He saw a gun lying in the floorboard of the front seat, with the barrel down to the passenger side and the stock leaning against the seat, so that the stock would have been next to the leg of the driver. The gun, a .22 long rifle over a .410 shotgun, was in plain view when Sergeant Blair saw it.

Through documents and live testimony the State proved that prior to his arrest appellant had been convicted of attempted murder, a felony involving an act of violence, one of the elements of unlawful possession of a firearm by a felon.

After the overruling of his motion for instructed verdict appellant called witnesses. The first was his sister, who testified that the car appellant was driving when arrested was hers. Appellant drove the car "very seldom."

Another sister of appellant's testified that she had been driving the same car a week or two before appellant's arrest. She had left the rifle/shotgun on the front seat

of the car. The night of the arrest she didn't know where in the car the gun was.

Appellant testified that before he was arrested he was driving his sister's car to test it, because he was supposed to fix it. He didn't know what was in the car. When he saw the police car's lights he was afraid to stop because he didn't have proof of liability insurance. He drove to his mother's house, where he also lived. As he turned into the driveway the gun hit his feet. He lifted it out of the way because it was interfering with his braking of the car. Before the gun hit his feet he hadn't known it was in the car.

■ At first blush this case appears to present a conflict between two well-established rules of appellate evidentiary review. The first rule is the standard by which evidence is to be reviewed: whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In this case no one saw appellant in possession of the firearm; the State's case was based on circumstantial evidence. But a case based on circumstantial evidence is to be reviewed by the same *Jackson v. Virginia* standard as one based on direct evidence. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (Opinion on rehearing). However, in cases involving circumstantial evidence courts continue to use the "alternative reasonable hypothesis" test. If the evidence supports an inference other than the guilt of the appellant, the finding of guilt beyond a reasonable doubt is not a rational finding, and must be overturned. *Human v. State*, 749 S.W.2d 832, 834 (Tex. Crim.App.1988).[1]

Relying on this test, appellant argues that the evidence supports the alternative reasonable hypothesis that he was unaware of the firearm in the car he was driving, and never exercised care, custody, or control over it. § 1.07(a)(28), *supra*. It is true the State's evidence did not directly refute appellant's claim. Both police officers candidly admitted they had no way of knowing whether appellant had been aware of the gun's presence.

However, appellant presented his "alternative hypothesis" to the jury by way of his own testimony, and the jury obviously found the theory unworthy of belief. For this court to hold now that appellant's alternative theory was both reasonable and supported by the evidence would be to violate a rule of much longer standing, which is that the jury is the exclusive judge of the credibility of witnesses. *Stanley v. State*, 664 S.W.2d 746, 752 (Tex.App.—San Antonio 1983, pet. ref'd), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3481, 87 L.Ed.2d 616 (1985). The trier of fact may reject the defendant's explanation of events even if it is uncontroverted. *Kirkwood v. State*, 488 S.W.2d 824, 826 (Tex.Crim.App.1973). The evidence is not rendered insufficient simply because the appellant presented a different version of events. *Little v. State*, 758 S.W.2d 551, 562–63 (Tex.Crim.App.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988).

In appellant's case the jury obviously found his alternative hypothesis unreasonable. This court cannot second guess the jury's finding as long as it is supported by evidence. *Williams v. State*, 784 S.W.2d 428, 429. (Tex.Crim.App.1989).

■ The Court of Criminal Appeals confronted this problem years ago and decided that only the inculpatory evidence is to be considered in weighing the sufficiency of the evidence:

[W]e then proceed to show what the testimony was. We do not give the appellant's testimony, because, in testing whether or not the evidence is sufficient, we look only to the inculpatory evidence

---

1. We note that all the federal courts of appeals have abandoned the alternative reasonable hypothesis method of reviewing the sufficiency of circumstantial evidence. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982). The United States Supreme Court has declared a jury instruction on the method "confusing and incorrect." *Holland v. United States*, 348 U.S. 121, 139–40, 75 S.Ct. 127, 137, 99 L.Ed. 150, 166 (1954). The instant case demonstrates the confusion this method of review can cause.

to ascertain, as a matter of law, whether that is sufficient or not. It may be that the testimony of an accused may be sufficient to justify an acquittal. This court has nothing to do with that. That is a question for the jury, and the jury, having passed on it and believed the inculpatory testimony, this court can only pass upon whether it was sufficient to justify their verdict.

*Hearne v. State,* 165 S.W. 596, 600 (Tex. Crim.App.1914) (On motion for rehearing).

■ We believe this is still the proper test to be applied. Viewing the evidence in the light most favorable to the verdict requires this court to disregard the testimony the jury disbelieved and to determine only whether the incriminating evidence the jury did believe is sufficient to sustain the conviction. We proceed to this analysis.

When appellant became aware he was being followed by a police car he fled rather than stop. Evidence of this flight, though insufficient standing alone to prove guilt, is a circumstance from which an inference of guilt may be drawn. *Valdez v. State,* 623 S.W.2d 317, 321 (Tex.Crim.App. 1981) (Opinion on rehearing).[2]

Appellant was charged with unlawful possession; that is, that he exercised care, custody, control, and management over the firearm. § 1.07(a)(28), *supra.* To prove such possession the State must demonstrate "affirmative links" between the defendant and the object. *Humason v. State,* 728 S.W.2d 363, 365 (Tex.Crim.App. 1987). These affirmative links include the facts that the defendant was the driver of the car in which the object was found, as appellant was, and that the object was in plain view. *Watson v. State,* 752 S.W.2d 217, 222 (Tex.App.—San Antonio 1988, pet. ref'd). In this case Sergeant Blair testified the rifle was in plain view immediately after appellant left the car, allowing the jury to infer it had also been in plain view while appellant was driving.

We hold these affirmative links, combined with the evidence of flight, sufficient to support the jury's verdict that appellant

was in unlawful possession of a firearm. The judgment of the trial court is affirmed.

---

**2.** Appellant offered a different explanation for his flight, but the trier of fact was not bound to accept that explanation. *Taylor v. State,* 672 S.W.2d 262, 264 (Tex.App.—Waco 1984, no pet.).